```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 07-153 (JBS) |
| FREDERICK J. BIRKS and ROBERT BEURET | **MEMORANDUM OPINION** |
| Defendants. | |

**Simandle, District Judge:**

This matter is before the Court upon Defendant Robert Beuret's motions to exclude the expert testimony of William Park [Docket Items 55 and 89]. Having considered the submission and oral arguments of counsel, THIS COURT FINDS AS FOLLOWS:

1. Defendant Beuret is charged with conspiracy to defraud the United States under 18 U.S.C. § 371. The Government alleges that Defendant Beuret was engaged in a conspiracy to defraud the United States by (1) wilfully employing "manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities," and (2) knowingly and wilfully making untrue statements of material fact or omitting necessary facts when submitting a registration statement, Form S-8, filed under the Securities Act. (Third Superseding Indictment ¶ 2.)

2. The Government seeks to introduce at trial the expert testimony of William Park, Director of the Department of Enforcement for the Financial Industry Regulatory Authority

("FINRA") (formerly the National Association of Securities Dealers ("NASD")).  (Def. First Mot. to Preclude, Ex. 1.)  For more than twelve years Mr. Park has worked as a securities regulator for FINRA, formerly NASD.  (Id.)  Prior to joining NASD, Mr. Park worked in the trade control department at a securities brokerage firm.  (Id.)  The Government expects Mr. Park to testify regarding "business custom and practice in the securities industry" and also to provide "opinions on matters of specialized knowledge."  (Def. Second Mot. to Preclude, Ex. A.)

    3.  On April 3, 2008, pursuant to Rule 16(a)(1)(G), Fed. R. Crim. P., the Government provided Defendant Beuret and co-defendant Frederick Birks with a letter describing Mr. Park's expected testimony along with Mr. Park's curriculum vitae.  (Def. First Mot. to Preclude, Ex. 1.)  In response, on April 11, 2008, Defendant Beuret filed his first motion to preclude expert testimony based, in part, on purported deficiencies in the Government's Rule 16 letter.[1]

    4.  On May 1, 2009, the Government provided defendants Beuret and Birks a new, more substantial, Rule 16 letter regarding Mr. Park's expected testimony, along with Mr. Park's curriculum vitae and transcripts of Mr. Park's testimony in two

---

[1] The Court will dismiss Defendant Beuret's first motion to preclude Mr. Park's testimony as moot, in light of the Government's subsequent letter and Defendant Beuret's subsequent motion.

2

other criminal trials involving the securities industry.  (Def. Second Mot. to Preclude, Ex. A.)  In response, on May 8, 2009, Defendant Beuret filed his second motion to preclude expert testimony.

5.  On May 19, 2009, the Court heard oral argument on Defendant Beuret's second motion to preclude Mr. Park's testimony and reserved decision.

6.  Defendant Beuret first seeks to preclude portions of Mr. Park's testimony on the basis of alleged insufficient disclosure under Rule 16(a)(1)(G), Fed. R. Crim. P.  That rule reads:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

7.  The Court finds that the Government's May 1st letter meets the requirements of Rule 16(a)(1)(G) as to all of the challenged topics, except for Mr. Park's expected testimony regarding "away from market" and "private transaction."  The Government, in providing an adequate "summary" of Mr. Park's testimony, is not required to provide a more detailed definition

of "market manipulation" in order to give sufficient notice under Rule 16. Moreover, Defendant Beuret's objections regarding the bases for the described opinions concern the merits of those bases, rather than the Rule 16 requirement that they be included in the summary of testimony (which they were). To the extent Defendant Beuret argues that the stated reasons to support Mr. Park's conclusions regarding market manipulation, materiality, and supply and demand do not sufficiently support Mr. Park's opinions in those areas, this argument goes to the weight given those opinions, but not compliance with Rule 16.[2] In addition, the Court notes that all of Mr. Park's testimony is based, at least in part, on his extensive experience in the securities industry. The Court will not preclude Mr. Park's testimony in those areas on Rule 16 grounds.

8. Nevertheless, the Court agrees with Defendant Beuret that the Government's May 1st letter does not sufficiently summarize Mr. Park's expected opinions, and the bases and reasons for those opinions, regarding "away from market" and "private transactions." This single sentence -- "In addition, as compared to public trading, Mr. Park may also testify regarding 'away from

---

[2] Moreover, the Court will not require additional explanation for Mr. Park's expected testimony that "buying activity tends to provide upward pricing pressure, while selling activity tends to provide downward pricing pressure." Mr. Park's stated experience in the securities industry is a sufficient basis for testimony as to this very basic principle of economics as applied to buying and selling securities.

4

market' and 'private transactions,' and the rules and regulations applicable to them" -- is not enough. (Def. Second Mot. to Preclude, Def. Ex. A.) If the Government intends to introduce any expert testimony on these subjects, Mr. Park's expected opinions and their bases and reasons must be disclosed. The Court finds that exclusion is not the appropriate remedy here. See United States v. Finley, 301 F.3d 1000, 1018 (9th Cir. 2002) ("Exclusion is an appropriate remedy for a discovery rule violation only where 'the omission was willful and motivated by a desire to obtain a tactical advantage.'") Instead, the Court will give the Government an additional 7 days from the entry of this Opinion and Order to supplement its May 1st letter regarding these two areas of testimony. If not adequately supplemented, the Government will be barred from adducing Park's opinions concerning the topics of "away from market" and "private transactions."

9. Defendant Beuret also seeks to preclude Mr. Park's testimony on materiality, supply and demand, market manipulation, and securities laws on the grounds that Mr. Park is not sufficiently qualified to discuss these topics. The Court disagrees. The Third Circuit employs a "liberal approach to admitting expert testimony." Holbrook v. Lykes Bros. S.S. Co., 80 F.3d 777, 782 (3d Cir. 1996). Thus, the Court may not preclude testimony "simply because [the Court] does not deem the

proposed expert to be the best qualified or because the proposed expert does not have the specialization that the court considers most appropriate." Id.  Mr. Park has substantial experience in the securities industry and is sufficiently qualified to testify on these subjects, all of which are tied to his knowledge and experience in the securities industry.[3]

10.  Finally, the Court will not at this stage preclude Mr. Park's testimony regarding securities laws, rules, regulations, or market manipulation on the grounds that they intrude on the role of the Court.  As presented, Mr. Park's testimony is expected to cover securities industry business custom and practice and an overview of its regulatory scheme, and the testimony will not instruct the jury on the laws Defendants are accused of violating, nor will Mr. Park offer his opinion regarding Defendant Beuret's guilt or innocence.  The Third Circuit "has consistently allowed testimony concerning business customs and practices." United States v. Fallon, 470 F.3d 542, 547 (3d Cir. 2006).  This is particularly fitting, and likely necessary, in a criminal case involving the securities industry -

---

[3] The cases cited by Defendant do not compel a contrary conclusion.  In Wilkinson v. Rosenthal & Co., 712 F. Supp. 474, 478 (E.D. Pa. 1989), the proposed expert in commodity futures contracts had "no experience, skill, knowledge, or education" in that field.  In SEC v. Pasternak, No. 05-3905, 2008 U.S. Dist. LEXIS 42460, at *8 (D.N.J. May 29, 2008), the proposed expert in industry standards "lack[ed] any experience" in that industry.

- a complex and unfamiliar area for most jurors.  See United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991).  The Court will therefore permit Mr. Park to testify regarding the general background information described above.  See id. at 1294-95 (trial court did not err in permitting government witness to testify regarding "general background on federal securities regulation and the filing requirements of Schedule 13D" in a criminal securities case, where expert did not give any opinion regarding guilt).  The Court is nevertheless mindful of Defendant Beuret's concern and should the Government attempt to submit expert testimony that infringes on the role of the Court in instructing the jury about the law, the Court will necessarily revisit this issue.

11.  In sum, the Court will deny Defendant Beuret's motion to preclude the testimony of William Park.  The Court will further order the Government to supplement its May 1st letter regarding "away from market" and "private transactions" within 7 days of entry of this Opinion and Order.[4]

---

[4] As all parties have agreed that Defendant Beuret's concerns under Rules 403 and 404(b), Fed. R. Evid., are best addressed through motions in limine at a later date, the Court will not take up that topic now.

12. The accompanying Order shall be entered.


**June 16, 2009**                           **s/ Jerome B. Simandle**
Date                                        JEROME B. SIMANDLE
                                            U.S. District Judge